321 F.2d 376
 116 U.S.App.D.C. 110
 LOCAL 28, INTERNATIONAL ORGANIZATION OF MASTERS, MATES AND
PILOTS, INC., AFL-CIO, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
ASSOCIATED MARITIME WORRERS, LOCAL NO. 3, INTERNATIONAL
ORGANIZATION OF MASTERS, MATES AND PILOTS, INC.,
AFL-CIO, Respondent.
INGRAM BARGE COMPANY, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
 Nos. 17062, 17157, 17193.
 United States Court of Appeals District of Columbia Circuit.
 Argued May 14, 1963.
Decided June 20, 1963.
 
 Mr. Stephen B. Lemann, New Orleans, La., of the bar of the Supreme Court of Louisiana, pro hac vice, by special leave of court, with whom Messrs. W. Graham Claytor, Jr., and Brice M. Clagett, Washington, D.C., were on the brief, for petitioner in No. 17,193.
 Miss Margaret M. Farmer, Attorney, National Labor Relations Board, and Messrs. Stuart Rothman, General Counsel at the time the brief was filed, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, and Melvin Pollack, Attorney, National Labor Relations Board, were on the brief, for respondent in Nos. 17,062, and 17,193 and petitioner in No. 17,157.
 No brief was filed and no appearance was entered for petitioner in No. 17,062.
 No brief was filed an no appearance was entered for respondent in No. 17,157.
 Before FAHY, WASHINGTON and BURGER, Circuit Judges.
 WASHINGTON, Circuit Judge.
 
 
 1
 In No. 17,193, we have before us a petition by Ingram Barge Company to review and modify certain portions of an order of the National Labor Relations Board denying relief against Local 28, International Organization of Masters, Mates, and Pilots, Inc., AFL-CIO. Ingram had charged Local 28 with unfair labor practices. The Board found Local 28 guilty of a violation of Section 8(b)(1) (A) of the National Labor Relations Act, as amended, 61 Stat. 140-141, 29 U.S.C. 158(b)(1)(A) (1958), but solely as an agent of others. It declined to find Local 28 a 'labor organization' under the Act and thus responsible as a principal. Ingram complains of this holding, urging that Local 28 is not in fact an association of 'supervisors,' as the Board found, but is a union of 'employees,' under the pertinent provisions of the Act.[1]
 
 
 2
 Local 28 is composed of masters, mates and pilots, serving on vessels of a number of employers. Ingram, which operates barges on the Mississippi River, says that the 'mates' on its barges-- all members of Local 28-- are actually at most only 'straw bosses,' often performing manual labor, and hence are not 'supervisors' within the meaning of the Act.[2] The Trial Examiner, acting on the basis of a voluminous record, disagreed. His findings and conclusions were adopted by the Board.
 
 
 3
 The Board's 'experience in the administration of the statute gives it familiarity with the circumstances and backgrounds of employment relationships in various industries * * *.' National Labor Relations Board v. Hearst Publications, 322 U.S. 111, at 130, 64 S.Ct. 851, at 860, 88 L.Ed. 1170 (1944). Its 'determination that specified persons are 'employees' under this Act is to be accepted if it has 'warrant in the record' and a reasonable basis in law.' Id. at 131, 64 S.Ct. at 861. Surely its determination that certain persons are not 'employees' under the Act is entitled to similar weight.
 
 
 4
 On reviewing the record before us we cannot say that the Trial Examiner or the Board erred. The findings and conclusions have adequate support in the evidence, insofar as it was put before us by the parties, and have a reasonable basis in law. We need not attempt to summarize the evidence here, as the text of the Trial Examiner's report is readily available elsewhere. See 136 N.L.R.B. 1175 at 1190 et seq. (1963). The following passage in his report gives the essence of his reasoning:
 
 
 5
 '4. Mates have the responsibility for the accomplishment of a variety of tasks aboard their boats. Some of them are of a routine nature involving unskilled namual operations. Others, however, particularly during locking and docking operations and in emergency situations, involve the exercise of independent judgment in the issuance of orders to deckhands and other deck employees which require prompt and faithful obedience for the protection of person and property. With respect to the performance of all their responsibilities mates have authority to order performance of duty by subordinate deckhands and other deck employees who must obey these orders or risk discharge for disobedience.
 
 
 6
 '5. Thew power and authority of pilots and mates to command and obtain obedience ot their orders is constant and may be applied at any time.
 
 
 7
 'In sum, I find that the record insurmountably establishes that masters, pilots, and mates are individuals who in the interest of their employers have authority 'responsibly to direct' employees within the meaning of the quoted phrase as it appears in Section 2(11) of the Act and are, therefore, supervisors as defined by that section. In concluding that they are supervisors I need not go beyond the assigned reason, and will therefore not dwell upon other possible reasons to support my conclusion which may be derived from some of the evidence indicating authority by pilots and mates to discipline employees or effectively to recommend their discipline.' 136 N.L.R.B. at 1203.
 
 
 8
 Numberous arbuments of policy can be offered, of course, for an against making associations such as Local 28 subject to the Act as 'labor organizations.' Such arguments are for the Congress, and not the courts. See Packard Motor Car Co. v. National Labor Relations Board, 330 U.S. 485, 490, 67 S.Ct. 789, 91 L.Ed. 1040 (1947).
 
 
 9
 For these reasons, in No. 17,193, the Board's order will be affirmed. In No. 17,157, we have before us a petition by the Board for the enforcement of its order. This will be granted. No. 17,062 is before us on petition of Local 28 to review and set aside certain portions of the Board's order. However, Local 28 has not filed a brief, and its petition will be dismissed for lack of prosecution.
 
 
 10
 So ordered.
 
 
 
 [1]
 Section 2(3) of the Act provides in part:
 'The term 'employee' * * * shall not include * * * any individual employed as a supervisor * * *.' Section 2(5) of the Act provides in part:
 'The term 'labor organization' means any organization of any kind * * * in which employees particate and which exists for the purpose * * * of dealing with employers concerning grievances, labor disputes * * *.'
 Section 2(11) of the Act defines 'supervisor' as:
 'any individual having authority, in the interest of the employer, to hire, transfer, suspend, lay off, recall, promote, discharge, assign, reward, or discipline other employees, or responsibly to direct them, or to adjust their grievances, or effectively to recommend such action, if in connection with the foregoing the exercise of such authority is not of merely routine or clerical nature, but requires the use of independent judgment.'
 
 
 [2]
 Ingram concedes in this court that masters and pilots are supervisors